**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 23-cr-00062 (LKG)** |
| | ) | |
| **ANDRE STEPHEN LUIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MOTION TO CONTINUE SUPPRESSION HEARING**

Mr. Andre Luis, by and through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Cara Halverson and Jonathan Hettleman, Assistant Federal Public Defenders, move this Honorable Court to continue the suppression hearing currently scheduled for September 25, 2025, at 10:00 a.m. In support of this motion, Mr. Luis states the following:

1. Mr. Luis is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See* ECF No. 1. This case involves no allegations of violence. He has been released on conditions in the community, without incident, since May 2023.

2. In July of 2023, undersigned filed two motions to suppress evidence in the case, arguing that the detention of Mr. Luis was unsupported by probable cause or reasonable articulable suspicion, and that statements made in answer to police questioning after he was detained should be suppressed in the absence of a valid Miranda waiver. *See* ECF Nos. 18 & 19.

3. Thereafter, with defense's consent, the government filed and was granted two motions to extend its briefing response deadlines. *See* ECF Nos. 21, 27, 29, & 30.

4. The government ultimately filed its opposition briefs to the two suppression motions on December 1, 2024. *See* ECF No. 33. Thereafter, defense submitted a timely reply to the government's opposition. *See* ECF No. 36. After consultation with the parties, this Court then set a suppression hearing for August 28, 2024, at 10:30 a.m.

5. On July 9, 2024, government counsel submitted a motion to continue the suppression hearing, due to the unavailability of Officer Zupancic, the main officer who was involved in the stop and detention of Mr. Luis. *See* ECF No. 40.

6. In its filing (ECF No. 40 at 2-3), the government asserted,

> 6. On July 1, 2024, one of the Government's anticipated witnesses – the police officer who chased and ultimately arrested the Defendant – informed the Government that he has been ordered to military service through April 2025.
>
> 7. This witness is essential to the scheduled motions hearing. He is one of two
>
> Case 8:23-cr-00062-LKG Document 40 Filed 07/09/24 Page 2 of 3
>
> witnesses to the initial series of events that give rise to this case, and the only witness who chased the Defendant for several blocks before the Defendant was detained with the help of a third officer. This witness also recovered the firearm from the Defendant.
>
> 8. Accordingly, a continuance is necessary and appropriate in this case in order to accommodate the witness' availability.

7. Given these representations, Mr. Luis consented to this continuance request, even given the known fact that Officer Zupancic would not be available to testify until at least April 2025, and Mr. Luis would still be subject to pretrial release conditions in the meantime.

8. On July 10, 2025, this Court granted the government's motion, but in its order,

(3) **DIRECTS** the parties to **FILE** a joint status report **on or before August 9, 2024**, stating: whether there are alternatives to the witness testifying in person and whether the parties can proceed with the hearing without the witness, in light of the significant delay that would be caused by continuing the hearing until April 2025.

9. In response to that request, on July 23, 2024, the government proffered to the Court that,

> 2. Officer Zupancic is the only officer who chased and stopped the Defendant, with brief assistance from Officer Spencer around the time the Defendant was stopped. Officer Zupancic is the only officer who can testify whether the Defendant appeared to be cradling an object while he was running, why he ordered the Defendant to show his hands, and his reasons for stopping the Defendant. No other witness can testify to these facts, which are essential to the
>
> Case 8:23-cr-00062-LKG Document 43 Filed 07/23/24 Page 2 of 4
>
> Court's determination whether there was a lawful basis to stop the Defendant. Officer Zupancic is therefore an essential witness to the Defendant's motions hearing. *Cf. United States v. Saeku*, 436 F. App'x 154, 162 (4th Cir. 2011) (explaining that an essential witness for Speedy Trial Act purposes is one "[w]here a witness is unquestionably important, and the government has a good faith belief that it will use that witness's testimony at trial").

10. During this delay, Mr. Luis also agreed to toll his Speedy Trial rights through April 2025, given the representation in the government's request to toll that Officer Zupancic was unavailable and "essential."

> 6. A witness is "essential" when he is "unquestionably important, and the government has a good faith belief that it will use that witness's testimony at trial." *United States v. Saeku*, 436 F. App'x 154, 162 (4th Cir. 2011). An essential witness is considered "unavailable" "whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(A). The reasons why the witness at issue in this case is essential, and why he is unavailable until after April of 2025, are set forth in the parties' joint status report. (*See* ECF No. 43.)
>
> 7. The Government and counsel for the Defendant agree that the speedy trial clock should be tolled under 18 U.S.C. § 3161(h)(3)(A) because there is a delay resulting from the unavailability of an essential witness. Specifically, factual disputes in this case necessary to determine whether certain evidence will be admissible at trial require the testimony of an essential unavailable witness.

*See* ECF No. 44 at 2.

11. In June 2025, the Court, after consultation with the parties, set a new suppression hearing date of September 25, 2025, at 10:00 a.m. Mr. Luis was prepared to go forward at that time, understanding that Officer Zupancic had returned from military leave and therefore, would be present for the hearing.

12. On September 11, 2025, government counsel informed defense counsel that Officer Zupancic would not be available for the hearing on September 25, 2025, and in fact, had returned to his military duties and was not expected to become available again until August 2026.

13. After reviewing the discovery and the need for cross examination of Officer Zupancic at a suppression hearing, undersigned determined the suppression

hearing should not take place without him. Undersigned asked the government for its position on a continuance until after Officer Zupancic returns from military duty. The government opposed.

14. As reasoning for its opposition, the government cited recent conversations with Officer Spencer whom the government now claims can testify to Mr. Luis cradling an object in his arm. However, Officer Spencer did not witness Officers Zupancic and Officer Bilo approaching the car in which Mr. Luis was sitting, and Officer Spencer only witnessed a portion of the ensuing chase.

15. Moreover, the government's representations now are in direct conflict with its prior representations to the Court (and to the defense) that "Officer Zupancic is the only officer who can testify whether the Defendant appeared to be cradling an object while he was running, why he ordered the Defendant to show his hands, and his reasons for stopping the Defendant. No other witness can testify to these facts, which are essential to the Court's determination whether there was a lawful basis to stop the Defendant." ECF No. 43 at 1-2.

16. It is only now, after Officer Zupancic is yet again unavailable, that the government argues he is not an essential witness, and that other officers can now testify to facts that, a year ago, the government explicitly stated they could not. Officer Zupancic's availability, or lack thereof, does not change his materiality as a witness. And his availability also does not change what facts other officers did or did not observe.

17. As the government asserted more than a year ago, Officer Zupancic's testimony is essential to this motions hearing. And proper cross examination of Officer

Zupancic is also necessary to challenge his reasons for approaching, chasing, and then detaining Mr. Luis. Officer Zupancic is the only witness who observed the relevant facts from start to finish—from law enforcement approach all the way through Mr. Luis's detention. And it was Officer Zupancic's observations—not other officers' observations—that formed the basis for law enforcement to detain and search Mr. Luis. Piecemeal testimony from other officers who witnessed portions of these interactions is no substitute.

18. Given the history of this case, the government's previous representations, and in the interest of equity and the right to confrontation, undersigned requests a continuance until Officer Zupancic returns from military orders, so he may be properly subjected to cross examination. Afterall, without the benefit of cross examination, the Court will be left to rely on unreliable hearsay (either Officer Zupancic's statements on the body worn camera or Officer Spencer's repetition in court of what Officer Zupancic told him).

19. Assistant United States Attorney, Joshua Rosenthal, opposes this request.

**WHEREFORE**, Mr. Luis asks the Court to continue the suppression hearing until after Officer Zupancic returns from his military orders.

Respectfully submitted,

JAMES WYDA
FEDERAL PUBLIC DEFENDER

_____________/s/_______________

CARA HALVERSON
JONATHAN HETTLEMAN
Assistant Federal Public Defender
6411 Ivy Lane
Suite 710
Greenbelt, Maryland 20770
301-344-0600
cara_halverson@fd.org
jonathan_hettleman@fd.org